UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY SWINSON,

       Plaintiff,

   -against-

CITY OF NEW YORK; SERGEANT DANIEL
FITZPATRICK; P.O. MICHAEL FAREWELL
#13582; P.O. VINCENT CANDELA #12682; P.O.
ROBERT HUMANN #10077,

       Defendants.

20-cv-1684 (LJL)

ORDER OF SERVICE

LEWIS LIMAN, United States District Judge:

  Plaintiff, currently incarcerated in the Manhattan Detention Complex, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York, Sergeant Daniel Fitzpatrick, P.O. Michael Farewell #13582, P.O. Vincent Candela #12682, and P.O. Robert Humann #10077, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for the City of New York, Sergeant Daniel Fitzpatrick, P.O. Michael

Farewell #13582, P.O. Vincent Candela #12682, and P.O. Robert Humann #10077, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 9, 2020
       New York, New York

LEWIS J. LIMAN
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   100 Church Street
   New York, New York 10007

2. Sergeant Daniel Fitzpatrick
   New York City Police Department, 10th Precinct
   230 West 20th Street
   New York, New York 10011

3. P.O. Michael Farewell #13582
   New York City Police Department, 10th Precinct
   230 West 20th Street
   New York, New York 10011

4. P.O. Vincent Candela #12682
   New York City Police Department, 10th Precinct
   230 West 20th Street
   New York, New York 10011

5. P.O. Robert Humann #10077
   New York City Police Department, 10th Precinct
   230 West 20th Street
   New York, New York 10011