

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

ALEXANDRA CORSI
*Senior Counsel*
phone: (212) 356-2340
acorsi@law.nyc.gov

June 18, 2020

**VIA ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Randy Swinson v. City of New York, et al.</u>
               20-CV-1684 (LJL)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel for the City of New York, and the counsel of record[1] on behalf of Defendant City of New York in the above-referenced matter.[2] Defendant City writes to respectfully request that the Court stay this case pending the resolution of Plaintiff's criminal prosecution, which directly relates to the arrest underlying the incident alleged in this civil action. This is the first application for a stay of these proceedings and *pro se* plaintiff Randy Swinson consents to this request. The only presently scheduled deadlines are for Defendants to answer the Complaint by August 3, 2020, as well as for the parties to jointly submit a proposed Case Management Plan and Scheduling Order to the Court by September 1, 2020 in preparation for the September 8, 2020 Initial Pretrial Conference. Accordingly, to the extent the Court grants defendant's request for a stay, defendant additionally respectfully requests that the deadlines for defendants' response to the Complaint, the parties'

---

[1] This case is assigned to Assistant Corporation Counsel Alessandra DeCarlo, who is presently awaiting admission to the Southern District of New York Federal Bar, and is handling this matter under my supervision. Ms. DeCarlo may be reached directly at 212-356-2469 or adecarlo@law.nyc.gov.

[2] Sergeant Daniel Fitzpatrick, Police Officer Michael Farewell, Police Officer Vincent Candela, and Police Officer Robert Humann are also purported defendants in this matter. This Office, however, has not yet resolved representation with them and as such, cannot request relief on their behalf. Accordingly, Defendant City of New York respectfully proposes, for the sake of efficiency and to avoid prejudice to Sergeant Daniel Fitzpatrick, Police Officer Michael Farewell, Police Officer Vincent Candela, and Police Officer Robert Humann's defenses, that the Court *sua sponte* accord them the same relief as Defendant City.

proposed Case Management Plan and Scheduling Order, and Initial Pretrial Conference be adjourned to a date after the stay is lifted.

By way of background, plaintiff Randy Swinson alleges that on June 2, 2019, several members of the New York City Police Department ("NYPD") used excessive force when arresting him in Manhattan. Plaintiff alleges that, as a result of the force used, he sustained fractures to his wrist and fingers, tendon and ligament damage, as well as unspecified injuries to his knees, hips, and back. Plaintiff further avers that the subject officers removed property from his person and failed to voucher same. Plaintiff claims that he was denied medical treatment while in custody of the NYPD at Bellevue Hospital. Liberally construing the Complaint, filed on February 26, 2020, Plaintiff asserts claims for excessive force, false arrest, and municipal liability under 42 U.S.C. § 1983. (Civil Docket No. 2).

As noted above, plaintiff was arrested on June 2, 2019 during the incident alleged; those underlying criminal charges brought against Plaintiff, however, are currently pending. (See Exhibit "A," printouts from the New York State Unified Court System's website ("Webcrims") at 1). Indeed, according to Webcrims, Plaintiff was indicted on Criminal Possession of Stolen Credit Cards in connection with his June 2nd arrest, and it appears his case may be scheduled for trial on June 18, 2020.[3] (See Exhibit "A," Webcrims, at 2-3.)

Defendants respectfully submit that these civil proceeding should be stayed pending the resolution of Plaintiff's criminal matter. As the Supreme Court has held, when a plaintiff files any claim related to an underlying criminal case that is still pending, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case … is ended." Wallace v. Kato, 549 U.S. 384, 393-94 (2007). "[I]t is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995). Moreover, in instances where the plaintiff has been indicted, as is the case here, courts in this Circuit favor a stay. See In re Par Pharmaceutical, Inc. Securities Litigation, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."). "This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case." Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003).[4]

If the civil case against Defendants continues while there is an ongoing criminal matter, discovery in this matter will be adversely affected since the District Attorney's Office and the state court will not produce the prosecution documents during the pendency of the criminal case. Further, to the extent that Plaintiff is deposed prior to the adjudication of his criminal case, he will

---

[3] While Webcrims indicates that this case is scheduled for trial on June 18th, when conferring with Mr. Swinson regarding this application, he was unaware whether the criminal trial was going forward on that date.

[4] In accordance with Local Civil Rule 7.1(c), copies of all electronically published decisions are appended to the copy of this letter served on plaintiff.

likely invoke his Fifth Amendment rights, thereby, rendering any deposition prior to the resolution of the criminal matter useless. If he does not, his truthful answers to questions posed at his deposition may negatively affect his criminal case.

As Plaintiff's criminal case may be resolved in a limited and immediate timeframe, Plaintiff will not be prejudiced in the civil case by waiting until his own criminal case is adjudicated. However, Defendants will suffer undue prejudice absent a stay of this civil proceeding since we cannot gain access to documentary evidence, including witness statements, relevant criminal court proceedings, and/or prosecution documents.

Accordingly, Defendant respectfully requests: (1) a stay of the instant matter pending the adjudication of Plaintiff's related criminal case; (2) that Plaintiff be instructed to update counsel for Defendant City of New York and the Court, as to the status of his criminal case by June 25, 2020, and every six weeks thereafter until that matter is resolved;[5] and (3) that the deadlines for defendants' response to the Complaint, the parties' proposed Case Management Plan and Scheduling Order, and Initial Pretrial Conference be adjourned to a date after the stay is lifted.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

*Alexandra Corsi*

Alexandra Corsi
*Senior Counsel*
Special Federal Litigation Division

cc: **By First-Class Mail**
Randy Swinson, #3491903405
*Pro Se Plaintiff*
Manhattan Detention Complex
125 White Street
9 North, Cell #9
New York, New York 10013

This action is STAYED pending the final resolution of Plaintiff's criminal case. All deadlines and conferences are ADJOURNED sine die.

Plaintiff and Defendant shall jointly inform the Court by letter of the status of the criminal case by July 1, 2020, and every eight weeks thereafter.

SO ORDERED. 6/19/2020.

_____
LEWIS J. LIMAN
United States District Judge

---

[5] This Court has directed *pro se* litigants to update the Court regularly as to the status of their underlying criminal cases. See Isaac Middleton v. Mingo, et al., 16 Civ. 1416 (RJS) (See Exhibit "B," Civil Docket Nos. 17, 20, 22).